IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| DANNIELLE L. LEWIS, ) | |
| ) | Bankruptcy No. 11-01721 |
| Debtor. ) | |

### ORDER RE: U.S. TRUSTEE'S MOTION TO DISMISS

This matter came before the undersigned for telephonic hearing on August 31, 2011. Debtor Dannielle Lewis was represented by Attorney Robert J. Murphy. U.S. Trustee was represented by Attorney John Schmillen. Sheryl Schnittjer appeared as Chapter 7 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### FINDINGS OF FACT

Debtor Dannielle Lewis filed a Chapter 7 petition on July 22, 2011. Her credit counseling certificate (Doc. 7) states she received credit counseling on August 1, 2011. Trustee Sheryl Schnittjer informed the U.S. Trustee's office that Debtor received the credit counseling postpetition and the U.S. Trustee filed the Motion to Dismiss based on Debtor's lack of eligibility under § 109(h)(1).

Counsel for Debtor stated at the hearing that, while he was on vacation, his legal assistant inadvertently filed the bankruptcy petition prior to receiving Debtor's credit counseling certificate. Debtor's resistance states she was delayed in completing the credit counseling because of medical treatment for a work injury. She argues that the Court has discretion to waive the requirement that the counseling be received prepetition. She asserts that cause for the waiver exists as she did not intend to violate § 109(h)(1), the delay was de minimis, and refiling would cause creditor confusion and would not benefit judicial economy.

## CONCLUSIONS OF LAW

Section 109(h) provides that "an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received" certain credit counseling.  11 U.S.C. § 109(h)(1).  If a debtor fails to file a certificate of counseling under that section, the debtor is not eligible to be a debtor under the Bankruptcy Code and dismissal is appropriate.  In re Duncan, 418 B.R. 278, 281 (B.A.P. 8th Cir. 2009).

There are exceptions to the credit counseling requirement in § 109(h).  One is for exigent circumstances, which requires the debtor to file a certification: 1) that is satisfactory to the court, 2) describing the exigent circumstances warranting a waiver of the requirement and 3) that states the debtor requested but was unable to obtain the counseling within five days after the request.  11 U.S.C. § 109(h)(3)(A).  "In order to waive the pre-bankruptcy credit counseling requirement, the Debtor must satisfy each of the three requirements of § 109(h)(3)(A)" and submit to the information to the court by a "certification."  In re Cobb, 343 B.R. 204, 207 (Bankr. E.D. Ark. 2006).  Another exception to the counseling requirement applies to debtors who are unable to complete the counseling due to incapacity, disability or active military duty.  11 U.S.C. § 109(h)(4).

The requirements of § 109(h) are plain and mandatory.  In re Hedquist, 342 B.R. 295, 300 (B.A.P. 8th 2006); see also In re Wallace, 338 B.R. 399, 408 (Bankr. E.D. Ark. 2006) (dismissing case where the debtor received credit counseling after filing the bankruptcy petition).  In contrast, a decision on a motion to dismiss for cause under § 707(a) lies within the discretion of the bankruptcy court.  In re Timmerman, 379 B.R. 838, 845 (Bankr. N.D. Iowa 2009) (noting debtors have no absolute right to dismiss a chapter 7 case).  In Timmerman, the court refused to grant the debtors' motion requesting dismissal based on their failure to receive prepetition credit counseling.  It found the motion had been filed in bad faith, the debtors were judicially estopped from bringing the motion, and the doctrine of laches applied.  Id. at 846-47.

## ANALYSIS

This case had been on file just over two weeks when the U.S. Trustee filed the motion to dismiss.  Debtor did not file a certification of exigent circumstances

2

under § 109(h)(3) with her petition in order to receive a waiver of the credit counseling requirement.   She has not asserted that she was unable to complete counseling due to incapacity, disability or active military duty.   To the contrary, Debtor received credit counseling ten days after the bankruptcy petition was filed.

     Section § 109(h) does not contain an exception for the grounds raised by Debtor, i.e. lack of intent, de minimus delay, possible creditor confusion and judicial economy.   Unlike <u>Timmerman</u>, dismissal herein is not requested by Debtor, and there exists no cause to deny dismissal such as bad faith or laches.   In light of the mandatory nature of § 109(h), the Court concludes that the U.S. Trustee's Motion to Dismiss should be granted because Debtor is ineligible to be a debtor in bankruptcy based on her failure to receive credit counseling prepetition.

     **WHEREFORE**, U.S. Trustee's Motion to Dismiss is GRANTED.

     **FURTHER**, this case is DISMISSED.

     Dated and Entered:  September 7, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE